UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIANA C.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. C20-6149-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff[1] appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1972.[2] Plaintiff has at least a high school (equivalency) education and previously worked as a state eligibility work/representative and insurance sales

---

[1] The docket identifies Plaintiff as "Adrianna"; however, consistent with the record documents, the Court uses the spelling "Adriana" in the caption.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

agent. AR 23. Plaintiff filed an application for DIB on November 30, 2017, alleging disability beginning July 1, 2014. AR 15. The application was denied at the initial level and on reconsideration. On April 24, 2020, the ALJ held a telephone hearing and took testimony from Plaintiff, a medical expert, and a vocational expert (VE). AR 30–78. On May 6, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 15–25. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on September, 18, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ

ORDER
PAGE - 2

found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: coronary artery disease; obesity; major depressive disorder; anxiety disorder; bipolar disorder; obsessive-compulsive disorder (OCD); trichotillomania; and posttraumatic stress disorder (PTSD). AR 17. The ALJ also found that the record contained indications of agoraphobia and a specific phobia (animals) but that the impairments did not rise to the level of severe. AR 17.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–19.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [S]he could never climb ladders, ropes or scaffolds and could only occasionally kneel, crawl, and climb flights of stairs, and the avoidance of unprotected heights. She was also limited to simple, routine, unskilled tasks, and work involving only occasional and superficial interaction with the public and coworkers.

AR 19. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 23.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs,

ORDER
PAGE - 3

such as work as an electrical accessory assembler, marker, and wire worker. AR 24–25.

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical source opinions; (2) failing to conduct a proper step three analysis; (3) improperly rejecting Plaintiff's subjective complaints; and (3) failing to meet his step five burden. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### 1. Medical Opinions

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[3] 20 C.F.R. § 404.1520c(a)–(b) The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at § 404.1520c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the 2017 regulations). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

A. Dr. Jessica Long, Psy.D.

On December 6, 2019, Dr. Long provided a treatment summary letter, in which the doctor stated that she has been providing mental health services to Plaintiff since July 2017 "to address severe symptoms related to post-traumatic stress resulting from chronic, severe trauma occurring throughout [Plaintiff's] childhood, adolescence, and adulthood." AR 1054. Dr. Long also noted that Plaintiff "is being treated for various obsessive-compulsive symptoms, severe panic attacks, and bipolar mood dysregulation with frequent episodes of severe depression as well as periodic mania." AR 1054. Dr. Long opined that Plaintiff's "highly complex psychiatric and medical symptoms continue to be quite debilitating to her daily life" and that "the pressures of employment would likely put [Plaintiff] at high risk for psychiatric and medical decline." AR 1055.

On December 12, 2019, Dr. Long provided a mental residual functional capacity assessment and assessed Plaintiff with several severe, marked, and moderate limitations in areas of sustained concentration and persistence, social interaction, and adaptation. AR 1051–52. Dr. Long further assessed Plaintiff with marked limitations under the "B" criteria of mental health listings in her ability to interact with others and concentrate, persist, or maintain pace, and opined that, under the "C" criteria, Plaintiff's impairments would cause her to decompensate with even a minimal increase in mental demands or change in the environment. AR 1052. Dr. Long further opined that Plaintiff is likely to be off-task and unproductive over 30% of the time during a 40-hour work week and likely to miss four or more days per month. AR 1053. The record also contained a draft letter from Dr. Long dated January 25, 2020, in which the doctor reiterated her prior opinions and further opined that "[s]ince meeting [Plaintiff] in 2014, it has been quite evident that the severity and chronicity of her psychiatric symptoms significantly impede her from gaining or maintaining part- or full-time employment." AR 1056–58.

ORDER
PAGE - 5

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 404.1520c(a)–(b). The ALJ found that Dr. Long's treatment notes during the period at issue (*i.e.*, July 1, 2014, Plaintiff's alleged disability onset date, to December 31, 2015, the expiration of Plaintiff's insured status) "show that despite fluctuations in subjective symptomatology, the claimant did achieve improvement with medication and counseling treatment," which Plaintiff confirmed in her testimony. AR 20. Further, the ALJ found that Dr. Long's December 2019 letter and mental residual functional capacity assessment "cannot be found persuasive as it is not consistent with the claimant's record prior to the expiration of her insured status" and that "[d]uring the relevant period at issue, the claimant was improving and doing well." AR 22. Specifically, the ALJ found that Plaintiff's treatment records, including those with Dr. Long, "show that despite fluctuations in subjective symptomatology, the claimant did achieve improvement with medication and counseling treatment." AR 20 (citing, AR 611–90, 966–1049). Specifically, the ALJ found that Plaintiff had "improved and was stable well within 12 months" of her disability onset date, that Plaintiff's reported "doing pretty good" in January 2015 and that "her medication seemed to be working well," that Plaintiff had a "normal unremarkable mental status examination in April 2015, and that Plaintiff reported in October 2015 that some things were better and some things were not and had another unremarkable mental status examination." AR 20 (citing AR 1035–49). Finally, the ALJ found that Dr. Long noted "great progress" in September 2015. AR 20.

Plaintiff argues that the ALJ erred by discounting Dr. Long's assessment because the record does not "contain evidence of isolated symptom control, let alone sustained improvement." Dkt. 20, at 6. "[E]vidence of medical treatment successfully relieving symptoms can undermine a

claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, the Ninth Circuit Court of Appeals has recognized that, in many mental health conditions, "[c]ycles of improvement and debilitating symptoms are a common occurrence" and that "in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement . . . and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Here, the evidence does not show that Plaintiff's symptoms had been successfully relieved during the relevant period. In the same September 2015 treatment notes cited by the ALJ, Dr. Long noted that Plaintiff was recently triggered by a benign incident and that Plaintiff was experiencing ongoing scratching. AR 671. Further, in August 2015, Dr. Long noted that Plaintiff presented with "excessive scratching to the point of bleeding" and fleeting suicidal ideation, and the doctor continued to note Plaintiff's scratching behavior through December 2015. AR 672–68. Other counseling treatment notes also reported that Plaintiff continued to struggle with anxiety and hair pulling in April 2015 and with scratching in November 2015. AR 1044, 1048. Finally, although Plaintiff's treatment notes with Dr. Long at times report Plaintiff presented as animated or bright, the doctor also often noted Plaintiff presented as sad, tearful, and anxious throughout the relevant period. AR 668–87. Because the record shows that Plaintiff's symptoms persisted throughout the relevant period, the ALJ rejection of Dr. Long's assessments on grounds that it was inconsistent with evidence showing Plaintiff's symptoms improving over the relevant period was not supported by substantial evidence. This error was harmful because it resulted in an RFC assessment that did not account for all of Plaintiff's limitations.

B. <u>Dr. Ricardo Buitrago, Psy.D.</u>

At the hearing, Dr. Buitrago, an impartial medical expert, testified that Plaintiff did not meet or equal any of the listing criteria of 12.04, 12.06, 12.08, and 12.15. AR 41–43. Dr. Buitrago

ORDER
PAGE - 7

testified that Plaintiff exhibited improving presentation by October 2014 with a more normal and stable symptom presentation. AR 43. Dr. Buitrago further testified that treatment notes between October 2014 and December 2015 indicated negative mental health symptoms and normal mental status examinations. AR 42. Dr. Buitrago opined that Dr. Long's 2019 and 2020 assessments were not relevant to the time period under review. AR 43.

The ALJ found Dr. Buitrago's testimony to be persuasive and consistent with Plaintiff's record. AR 23. The ALJ further found that Dr. Buitrago is familiar with the Social Security disability evaluation criteria and that the doctor has Plaintiff's entire record for review. AR. 23.

Plaintiff argues that the ALJ improperly relied on Dr. Buitrago's testimony. AR 10. Plaintiff argues that Dr. Buitrago incorrectly testified that Plaintiff exhibited improving presentation by October 2014. Dkt. 20, at 10. As described above, the record does not support and is inconsistent with Dr. Buitrago's conclusion as Plaintiff's treatment notes during the relevant period reported that Plaintiff continued to present with scratching and hair pulling behaviors and sad, tearful, and anxious moods, among other things, throughout the relevant period. *See, e.g.*, AR 672–87, 1044, 1048. Therefore, the ALJ did not properly consider Dr. Buitrago's opinion according to the supportability and consistency factors, and the ALJ's finding was not supported by substantial evidence. *See* 20 C.F.R. § 404.1520c(c)(1)–(2).

Plaintiff further argues that Dr. Buitrago contradicted himself by stating that the Dr. Long's 2019 and 2020 opinions were not relevant to the period at issue while also stating that Dr. Long's opinions were relevant to the past six years. Dkt. 20, at 11 (citing AR 42–43). As Plaintiff notes, the relevant period at issue—July 2014 to December 2015—is subsumed in the six years prior to Dr. Buitrago's April 2020 testimony. *Id.* "The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603

ORDER
PAGE - 8

(9th Cir. 1999). Here, however, the ALJ failed to consider these internal inconsistencies in Dr. Buitrago's opinion. *See id.* (internal inconsistencies in a physician's report constitutes relevant evidence). Because the ALJ failed to resolve inconsistencies within Dr. Buitrago's testimony, the ALJ's evaluation of the persuasiveness of and reliance on Dr. Buitrago's testimony was not supported by substantial evidence.

**2. Step Three**

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original) (citations omitted). A mere diagnosis does not suffice to establish disability; rather, an impairment "'must also have the findings shown in the Listing of that impairment.'" *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). (quoting 20 C.F.R § 404.1525(d)). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1526); *see also Sullivan*, 493 U.S. at 531 (to establish equivalency, the claimant "must present medical findings equal in severity to *all* the criteria" for the listing (emphasis in original)). Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Plaintiff argues that the ALJ erred by finding that Plaintiff failed to establish the "paragraph B" and "paragraph C" criteria for a mental health listing under Section 12.04 (depressive and

ORDER
PAGE - 9

bipolar disorders), 12.06 (anxiety disorders), and 12.15 (trauma and stress related disorders). Dkt. 20, at 12–14. To satisfy the "paragraph B" criteria, the claimant's mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(b), 12.06(b), 12.15(b). To satisfy "paragraph C," the claimant must have a "serious and persistent" mental disorder. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(c), 12.06(c), 12.15(c).

Plaintiff argues that the ALJ provided no analysis of Plaintiff's functioning and did not cite any evidence of record. Dkt. 20, at 13. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Here, addressing the "paragraph B" criteria, the ALJ found that there has been no evidence that Plaintiff had any limitations in understanding, remembering, or applying information or that she was unable to interact with others appropriately, that there has been no specific testing addressing Plaintiff's concentration, persistence, and pace, and that Plaintiff remained independent in her daily activities, attended counseling, and was able to engage in medication management. AR 18. Plaintiff argues that ALJ failed to reconcile "evidence that Plaintiff frequently canceled appointment, missed counseling session, and was limited in daily activities due to severe mental health symptoms associated with bipolar, PTSD, OCD/anxiety, and depression . . . ." Dkt. 20, at 13. Plaintiff offers an alternative interpretation of the medical evidence; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan*, 169 F.3d at 599. Therefore, Plaintiff has not shown that the ALJ erred in evaluating the "paragraph B" criteria.

The criteria for "paragraph C" are met when there is "a medically documented history of

the existence of the disorder over a period of at least 2 years," and there is evidence of (1) structured and ongoing mental health therapy or other medical treatment that diminishes symptoms and signs of the disorder and (2) marginal adjustment or "minimal capacity to adapt to changes in [claimant's] environment." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(c), 12.06(c), 12.15(c). Here, the ALJ found that Plaintiff remained independent in all her activities of daily living, regularly attended counseling, and "there has been no evidence that she had only a minimal capacity to adapt to changes in her environment or to demands not already part of her daily life." AR 18. The ALJ's findings, however, do not sufficiently address both prongs of "paragraph C" and are further unsupported by the medical evidence. Indeed, under the first prong, the evidence shows that Plaintiff has a medically documented history of the existence of bipolar 1 disorder, severe depression, post-traumatic stress disorder, panic disorder, obsessive compulsive disorder, trichotillomania, excoriation disorder, and animal phobia since at least July 2014 and that she has regularly received treatment for her disorders between 2014 and 2020, including attending counseling and taking medication to diminish the symptoms and signs of her mental disorders. AR 668–87, 1035–49. The ALJ failed to analyze the first prong of the "paragraph C" criteria. Under the second prong, the evidence also shows that, despite her treatment, Plaintiff experienced anxiety and panic when attending the circus April 2015, became triggered by a benign incident in September 2015, and became anxious when her spouse was preparing to leave for work. AR 669, 671, 676. Further, the record contains evidence that Plaintiff frequently canceled appointments, missed counseling sessions, and needed her adult son to move in with her to help when her husband was not around. AR 66, 672, 679, 683, 685. The ALJ's finding that Plaintiff had more than minimal capacity to adapt to changes in her environment, therefore, is not supported by substantial evidence. The ALJ's failure to provide adequate analysis regarding the first and second prongs of

ORDER
PAGE - 11

"paragraph C" criteria necessitates remand.

### 3. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[4] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she cannot work because she has panic attacks that cause her to freeze and make her unable to leave her house, go grocery shopping, or run errands. AR 275. Plaintiff alleges that she experiences periods of depression that make it impossible for her to get out of bed and that there are periods when she cannot sleep for days, cannot sit for a minute, obsessively cleans, is unable to complete tasks, and becomes obsessed with "one thing." AR 275. Plaintiff further alleges that she has difficulty with her memory, completing tasks, concentrating, and getting along with others. AR 280. At the hearing, Plaintiff testified that she suffers from fatigue

---

[4] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

from her coronary impairment, experiences depression, suicidal ideation, and severe anxiety, engages in scratching and picking behavior when upset, frequently cancels appointments due to mental health symptoms, and was often tardy for and absent from work. AR 57–67. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 19–20.

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom testimony based on finding that Plaintiff's symptoms had improved and that Plaintiff was stable "well within 12 months." Dkt. 20, at 16 (citing AR 20). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington*, 878 F.3d at 876. Here, as described above, the medical evidence does not support the ALJ's finding that Plaintiff's symptoms had improved with treatment; rather, the record shows that Plaintiff's symptoms persisted throughout the relevant period. *See, e.g.*, AR 668–87, 1044, 1048. Therefore, the ALJ did not provide specific, clear, or convincing reasons for discounting Plaintiff's testimony regarding debilitating mental health symptoms based on finding that her symptoms improving with treatment.

### 4. VE Testimony and RFC

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 416.945; SSR 96-8p. The RFC is the most a claimant can do considering her limitations or restrictions. *See* SSR 96-8p. At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony,

the ALJ concluded that Plaintiff was capable of performing the requirements of representative occupations such as electrical accessory assembly, marker, and wire worker. AR 24.

Plaintiff argues that the ALJ's RFC was incomplete and, accordingly, his hypothetical to the ALJ failed to include all of Plaintiff's limitations supported by substantial evidence in the record. Dkt. 20, at 17–18. As described above, the ALJ erred in evaluating the evidence of record, including the medical opinion evidence and Plaintiff's symptom testimony. Because the ALJ's RFC assessment did not account for all of the assessed limitations, the ALJ must reevaluate his step four and step five findings on remand.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 7th day of December, 2021.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 14